911 F.2d 726
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norman Ralph UNDERWOOD, Defendant-Appellant.
 No. 89-5164.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 16, 1990.
Decided Aug. 13, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-89-3-2)
 Gary A. Collias, McIntyre, Haviland & Jordan, Charleston, W.Va., for appellant.
 Michael W. Carey, United States Attorney, Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Underwood, the appellant in this case, pleaded guilty to a violation of 18 U.S.C. Sec. 1962(c), the Racketeering Influenced and Corrupt Organizations statute. The acts of racketeering activity with which Underwood was charged included distribution of, possession with intent to distribute, and conspiracy with respect to the distribution of, cocaine, in substantial quantities on several occasions. Underwood's sentence under the Sentencing Guidelines included a two level increase in offense level for possession of a firearm during the commission of the offense, pursuant to guideline Sec. 2D1.1(b)(1). Such increase is the only issue raised on appeal.
 
 
 2
 The facts developed at the sentencing hearing and in the probation officer's report showed that the drug transactions took place in Underwood's trailer, but in a separate room from his bedroom. In Underwood's bedroom were a number of guns belonging to him, including a loaded hunting gun. While the drug sales took place in another room in the trailer, Underwood went into the bedroom when selling the drugs in order to weigh out the drugs, for his drug scales were located in the bedroom where the guns were also located.
 
 
 3
 The district court held that the case of United States v. Brockington, 849 F.2d 872 (4th Cir.1988), disposed of the matter and added two levels to the sentence as recommended in the probation officer's report. Brockington was not a case involving sentencing, and we do not believe it is controlling in this case for it involved carrying or using a firearm, not mere posession, as here. We are of opinion, however, that the implicit, or even express, finding of the district court that Underwood was in possession of the firearm during the commission of the drug sales was not clearly erroneous. While it is argued that Underwood did not brandish a weapon or have the same actually in his hands during the sales of drugs, there is no doubt that the facts developed permitted a finding by the district court that the weapons were in his possession during the commission of the offense. Section 2D1.1(b)(1) requires no more.
 
 
 4
 The judgment of the district court is accordingly
 
 
 5
 AFFIRMED.*
 
 
 
 *
 On January 16, 1990, we granted Underwood's motion to submit this case on briefs without oral argument